8893

DALY v. JEFFERSON HOTEL CO.

STANDEN v. JEFFERSON HOTEL CO.

CASELLO v. JEFFERSON HOTEL CO.

(82 S. E. 412.)

MASTER AND SERVANT. BREACH OF CONTRACT OF EMPLOYMENT. QUANTUM MERUIT.

1. A recovery upon *quantum meruit* cannot be had for services rendered, in the absence of testimony as to the value of the services.
2. An employee cannot recover upon *quantum meruit* for services rendered under a contract where, without justification or excuse, he abandons the contract before the end of the term.

Before MEMMINGER, J., Columbia, October, 1913. Reversed.

Actions by Jefferson D. Daly, Thomas Standen and Rudolph Casello against Jefferson Hotel Company. From order remanding cases to the magistrate's Court for a new trial, defendant appeals.

The facts are stated in the opinion.

*Messrs. Nelson, Nelson & Gettys,* for appellant, cite: 2 Labatt Master and Servant, secs. 491, *et seq.;* 4 McC. 246; 1 Hill 401; 84 S. C. 73.

*Mr. C. S. Monteith,* for respondent.

July 17, 1914.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The record shows the following:

"The above cases were tried before Magistrate H. F. Beuchel, of Richland county, the plaintiff, Daly, demanding fifty-four and 21-100 ($54.21) dollars, wages due him for services rendered as steward at the Jefferson Hotel from June 16 to June 28, 1913, both inclusive; the plaintiff, Standen, demanding forty-three and 29-100 ($43.29) dollars, which he alleged to be due him as wages for services rendered as chef of the Jefferson Hotel from June 16 to June 28, 1913, both inclusive, and the plaintiff, Casello, demanding thirty-two and 50-100 ($32.50) dollars for services due him as night chef at the Jefferson Hotel from June 16 to June 28, 1913, both inclusive.

The form of the complaint in each case is the same. The following is a copy of the complaint in the Daly case:

Complaint has been made unto me by Jefferson D. Daly that you are indebted to him in the full and just sum of fifty-four and 21-100 ($54.21) dollars, wages due the said Jefferson D. Daly for services rendered as steward, from June 16th to June 28th, A. D. 1913, inclusive; the same being thirteen days wages at the rate of four and 17-100 ($4.17) dollars per day.

That due demand for the payment of said wages has been made upon you, but no part thereof has been paid.

The defendant answered in each case and in each case set up a counterclaim. Each answer contained for a first defense a general denial.

In the case of Jefferson D. Daly, the defendant set up a counterclaim for eight and 95-100 ($8.95) dollars, money actually advanced, and for ninety ($90) dollars damages alleging the plaintiff, Daly, was under contract of employment with defendant to serve defendant as steward for the month of June, 1913, and that the said Daly did on June 28th wilfully breach his said contract of employment and did wilfully, with intent to injure defendant, induce and persuade other employees of defendant to leave the service of defendant and breach their contracts of employment, whereby the defendant was left without warning and notice, without sufficient help to conduct its business and was forced to close its dining room in the midst of a meal and was forced to turn patrons away, and was put to expense and inconvenience in procuring other help.

In the case of Thomas Standen and Rudolph Casello in the counterclaim the defendant demanded seventy-five ($75) dollars in each case on account of the alleged wilful breach of contract, as set out above in the case of Jefferson D. Daly, the only difference being that there was no allegation that these plaintiffs had induced others to leave the employment of the defendant.

The cases came on for trial before Magistrate Beuchel, and, upon motion of plaintiffs' attorneys, the counterclaims were stricken out in each case, except so much of the counterclaim in the case of Jefferson D. Daly for the amount actually advanced as alleged, $8.95."

The magistrate found for the plaintiff in each case. The defendant appealed, and the appeal was heard by Judge Memminger on Circuit, who made the following order:

"This case comes before me on an appeal from the judgment in favor of plaintiff in the Court of Magistrate H. F. Beuchel. The two main issues presented by the exceptions are that the magistrate erred (1) in striking out the counterclaim interposed in the defendant's answer and in refusing to hear testimony in support thereof; and (2) in refusing

defendant's motion for a nonsuit at the close of plaintiff's testimony, and refusing to direct a verdict for the defendant at the close of all the testimony, upon the grounds set out in the exceptions.

"I think that the magistrate erred in striking out the counterclaim and in refusing to hear testimony in support thereof, and the exceptions raising this question are sustained.

"The assignment of error in refusing a nonsuit and to direct a verdict involves the question of whether a servant who is employed at a stated salary per month, but who voluntarily quits the service of the master before the expiration of the month, is entitled to recover on a *quantum meruit* for the service actually performed. I am of the opinion that the law does not preclude a recovery by the servant for the value of the services actually performed, even though he voluntarily and without just cause quits the service of the master before the expiration of the month. The exceptions alleging error in refusing a nonsuit and to direct a verdict are overruled. In my opinion, the measure of damage in such cases is the reasonable value of the service performed by the servant up to the time of his quitting the master's employ, less any damages sustained by the master on account of the breach of contract by the servant.

"It is therefore ordered that the judgment be reversed and the case remanded to the magistrate for a new trial in accordance with the principles laid down in this order."

There is no appeal from this order, so far as it affects the counterclaim, and that position cannot be considered. The defendant appealed from the order, and raises two questions:

1st. Was there any evidence to support a judgment upon a *quantum meruit?*

2d. Can an employee recover upon *quantum meruit* for services actually performed under a contract, when he quits

the service without justification or excuse, before the end of the term of service?

The first question must be answered in the negative. There was no evidence of the value of the services rendered. The only evidence from which a conclusion could be drawn was the contract, and it is undisputed that the plaintiff broke the contract and no excuse was offered.

The plaintiff can, therefore, get no help from a contract which he himself has broken.

The second question must also be answered in the negative. An employee cannot recover for services actually rendered upon a *quantum meruit* where he, without justification or excuse, abandons the contract before the end of the term.

"When the employer wantonly and without cause turns off his overseer, at a season of the year when it would be impossible to get employment elsewhere and his time is wholly lost, I should feel no hesitation in enforcing the rule rigidly, not only as a punishment, but as a just remuneration to the overseer; and so when the overseer abandons the employment without cause or by his neglect inflicts a loss on him commensurate with the services which he has performed, he clearly deserves no compensation." *Byrd v. Boyd* (4 McCord), 15 S. C. L. 247, 12 Am. Dec. 740.

The judgment of this Court is that the order appealed from be reversed.