10076

NEWTON v. BENNETT.

(96 S. E. 620.)

1. APPEAL AND ERROR—REVIEW—ERRORS OF LAW.—The jurisdiction of the Supreme Court on appeal from judgment in action at law is limited to the correction of errors of law.

2. LANDLORD AND TENANT—ACTION AGAINST SHARE CROPPER—EVIDENCE —QUANTUM MERUIT.—In landlord's action against share cropper for retaining half of the proceeds of sale of cotton seed claimed to be property of former, where latter pleaded contract whereby he was to receive one-half of cotton seed, evidence offered by latter, tending to prove *quantum meruit*, was inadmissible.

3. CUSTOMS AND USAGES—ACTION AGAINST SHARE CROPPER—ADMISSIBILITY OF EVIDENCE. — In landlord's action against share cropper for refusal to pay more than one-half the proceeds of the sale of cotton seed, where latter pleaded contract with former whereby he was to receive one-half of cotton seed, evidence offered by former as to

1—111

a custom whereby landlord furnishing fertilizer and seed was entitled to all of cotton seed was admissible, having probative value tending to show improbability of defendant's version of the contract.

4. LANDLORD AND TENANT—ACTION AGAINST SHARE CROPPER—ADMISSIBILITY OF EVIDENCE.—Where share cropper, being sued by landlord for one-half the proceeds of the sale of cotton seed, alleged that he was entitled thereto because of contract with landlord, share cropper's evidence as to bad condition of land *held* admissible, tending to show probability of alleged contract.

5. LANDLORD AND TENANT—ACTION AGAINST SHARE CROPPER—BURDEN OF PROOF.—Where share cropper, being sued by landlord for one-half the proceeds of the sale of cotton seed, alleged that he was entitled thereto because of contract with landlord, the share cropper had burden of proving at least *prima facie* such contract.

6. EVIDENCE—BURDEN OF PROOF.—As a general rule, the burden of proving a fact rests upon party alleging it.

7. LANDLORD AND TENANT — ACTION AGAINST SHARE CROPPER — PRIMA FACIE CASE.—Where landlord, suing share cropper for half of proceeds of sale of cotton seed, alleged ownership of only that part of seed sold and proved that such seed was part of crops raised under share crop contract, he has established at least *prima facie* his right to recover; the legal title to the entire crop being in the landlord.

8. LANDLORD AND TENANT—ACTION AGAINST SHARE CROPPER—UNUSUAL CONTRACT — BURDEN OF PROOF. — In landlord's action against share cropper, where contract as alleged by latter was out of the ordinary and a departure from the customary contract entered into between landlord and share cropper, latter has burden of proving such special contract.

Before MEMMINGER, J., Marlboro, Fall term, 1917. Reversed and remanded for a new trial.

Action by L. D. Newton against Luther Bennett. Judgment of magistrate's Court for plaintiff reversed by Circuit Court, and plaintiff appeals.

*Messrs. J. K. Owens* and *Townsend & Rogers,* for appellant, submit: *The plaintiff is not unmindful of the fact that this Court has held that an order reversing the judgment of a magistrate and ordering a new trial because of error of finding of fact is not appealable:* 73 S. C. 71; 83 S. C. 33; 91 S C. 5; 91 S. C. 337; 103 S. C. 223; 77 S. C. 319. *But it insisted that the case at bar does not fall within the rule*

*announced in above cases and provided for in section 407
of the Code of Procedure, and plaintiff is entitled to a trial
by jury:* Article I, sec. 25 of the Constitution of 1895. *The
burden of proof was not on plaintiff, but shifted to defend-
ant:* 20 S. C. 1; — S. C. 6; 40 S. C. 511; 105 S. C. 156.
*The presiding Judge, disagreeing with the magistrate, erred
in not sending this case back for a jury trial:* 108 S. C. 128;
99 S. C. 501. *Custom and usage are presumed to enter into
and form a part of contracts relating thereto, unless excluded
or modified by agreement:* 104 S. C. 436; 104 S. C. 379.

*Messrs. W. P. Pollock* and *J. J. Evans,* for respondent.

August 28, 1918.

The opinion of the Court was delivered by MR. JUSTICE
HYDRICK.

Plaintiff was landlord and defendant was a share cropper
on his land for the year 1917. They made a verbal contract
at the beginning of the year; but, in the fall, a dispute arose
between them as to the division of the cotton seed. Plaintiff
contended that, by the agreement, he was to have all the
seed, while defendant contended that he was to get only half
of them; and, when the first bale was sold, defendant kept
half the proceeds of the seed from it. They agreed to settle
the controversy by Newton's bringing an action in the Court
of a magistrate against Bennett for half of the proceeds of
the sale of the seed from the first bale, which had been
retained by him, and allowing the result of that action to
determine the issue between them as to the division of the
seed from the remainder of the crop. Thereupon plaintiff
brought this action, alleging that defendant had sold the
seed from one bale of cotton, which was his property, and
refused to pay him one-half of the proceeds of sale, which
was $15.33, and demanded judgment for that sum.
Defendant denied the allegations of the complaint, except
as to the sale of the seed, the price obtained, and his refusal

to pay plaintiff one-half thereof; and, for a second defense, he alleged a share crop contract with plaintiff, whereby plaintiff was to furnish the land and fertilizer, and he was to furnish the labor to make the crop, and was to get for his labor one-half of all crops made, including one-half of the cotton seed. He alleged also that plaintiff violated his contract, in that he failed to furnish the stipulated quantity and quality of fertilizer, and thereby caused a reduction in the yield, and, therefore, his labor was reasonably worth one-half of all the crops made; and also that, because the land was poor and in a bad state of cultivation, having been washed into gullies, which required extra labor and attention, and because it had nut grass on it, it was more difficult to cultivate and less productive than it would otherwise have been, and, for those reasons, his labor was reasonably worth one-half of all crops made. In support of his contention and testimony that, by the agreement, he was to get all the cotton seed, plaintiff offered to prove, by a number of witnesses, that it was the general custom in that country that, when the landlord furnished all the fertilizer and planting seed, he got all the cotton seed and half of all the other crops. But the magistrate excluded the testimony. He also excluded testimony offered by defendant tending to prove a *quantum meruit,* and refused defendant's request to instruct the jury to consider that defense. Nothwithstanding the ruling of the magistrate, excluding testimony tending to prove a *quantum meruit,* a good deal of testimony was brought out which tended to prove defendant's allegations as to the condition of the land. The jury found for the plaintiff, and defendant appealed to the Circuit Court. That Court held that the magistrate was right in excluding testimony tending to prove a *quantum meruit,* but that he was wrong in excluding the evidence offered by plaintiff to prove the custom, which had some probative value as a circumstance tending to prove that defendant's version of the contract was a departure from the ordinary, and, therefore, to

that extent, improbable; that, on the same principle, evidence as to the character and condition of the land was properly admitted, because it tended to prove defendant's version of the contract, and the improbability of his agreeing to work such land, except upon some special inducement, or departure from the ordinary, such as that contended for by him, to wit, that he should get half the cotton seed. The Court held, also, that the burden was on plaintiff to prove the contract, as contended for by him, and that, by its terms, he was to get all the seed. Upon consideration of the appeal, according to these principles, and upon the assumption of the existence of the custom which plaintiff sought to prove, the Court found that, notwithstanding the custom, the preponderance of the evidence was in favor of defendant's version of the contract, and reversed the judgment of the magistrate's Court and gave judgment for defendant, whereupon plaintiff appealed to this Court.

In an action at law, such as this is, the jurisdiction of this Court is limited to the correction of errors of law. Therefore we have invariably held, on appeal in such cases, that, when there is no error of law involved in the decision, we have no jurisdiction to review it. But we have held also in numerous cases that when the decision is controlled or influenced by error of law, it is subject to review by this Court.

We approve the rulings of the Circuit Court as to the admission and exclusion of evidence, for the reasons stated, but the Court erred in holding that the burden was on plaintiff to prove the contract, and that, by its terms, he was to have all the cotton seed.

In the first place, the Court erroneously assumed that plaintiff alleged the contract, and, having alleged it, the burden was upon him to prove it. The fact is that the contract

was alleged by defendant, and, therefore, under the general rule that the burden of proof rests upon him who alleges, the burden was, at least *prima facie,* on defendant. As plaintiff alleged only that part of the seed sold belonged to him, when he proved that they were part of the crops raised under a share crop contract, such as that testified to by both parties, it followed, as matter of law, that the legal title to the entire crop was in him, and he established, at least *prima facie,* his right to recover. *Carpenter v. Strickland,* 20 S. C. 1; *Richey v. DePre,* 20 S. C. 6; *McCutchen v. Crenshaw,* 40 S. C. 511, 19 S. E. 140. Therefore, the burden was on defendant to prove that he was entitled, by the terms of the contract set up by him, to a part of the seed. Moreover, as the Court assumed the existence of the custom which plaintiff sought to prove, and as defendant's version of the contract was a departure from that custom, or out of the ordinary, the burden was upon him to prove the special contract.

It is doubtful whether in his consideration of the case the Court gave the custom the full extent of the probative value which it might have had if plaintiff had been allowed to prove by his witnesses what he offered to prove by them, to wit, that the custom was so general and invariable that the condition and character of the land would not justify an inference of a departure from it. Of course, we have no way of knowing whether the witnesses would have so testified, as their testimony was excluded.

For the errors pointed out, the judgment of the Circuit Court is reversed, and the case is remanded for a new trial.

Reversed.