HARDWICK v. PAGE

(117 S. E., 204)

1. MASTER AND SERVANT—RELATION CREATED SHARE-CROPPER CONTRACT.—An agreement whereby a share-cropper was to work for landowner at a stated rate a day when he was not working the crop *held* to create the relation of master and servant.

2. LANDLORD AND TENANT—LANDOWNER HELD OWNER OF SHARE CROP UNTIL DIVISION MADE.—Landowner, and not share-cropper, is the owner and entitled to possession of the crop until division is made.

3. WORK AND LABOR—SERVANT BREACHING CONTRACT OF HIRING FOR YEAR CANNOT RECOVER ON QUANTUM MERUIT.—A servant breaching a contract of hiring for a year cannot recover on quantum meruit.

4. APPEAL AND ERROR—COURT'S ACTION IN READING DEFENDANT'S REQUEST AND THEN STATING THAT DEFENDANT'S LIABILITY TURNED ON OTHER FACTS HELD PREJUDICIAL.—After Court had read defendant's request, stating sound principles of law applicable to evidence, and relied on as a complete defense, Court's instructions that defendant's liability turned on facts other than those which defendant's evidence tended to establish *held* misleading and prejudicial.

5. APPEAL AND ERROR—NO REVIEW OF MOTION TO DISMISS ATTACHMENT, SUCH MOTION NOT HAVING BEEN RENEWED ON TRIAL COURT'S FAILURE TO DECIDE IT.—Where a motion to dismiss an attachment was not decided, the Court's charge suggesting that another issue should be decided first, and the motion was not renewed, the failure to dismiss was not properly before the Supreme Court.

6. ATTACHMENT—EXECUTED BEFORE WARRANT ISSUED BY CLERK HELD VOID.—Where corn was attached by the sheriff on September 19, under a warrant which was not actually executed and issued by the Clerk of Court until the following October 31, the attachment was palpably void.

Before MEMMINGER, J., Horry, 1922. Reversed and new trial granted.

Action by J. F. Hardwick against Gaston W. Page. Judgment for plaintiff and defendant appeals.

*Mr. Cordie Page,* for appellant, cites: *Attachment irregular:* 46 S. C., 49; 50 S. C., 380; 58 S. C., 398; 59 S. C., 52; 31 S. C., 360. *Hearsay testimony improperly admitted:* 108 S. E., 363; 113 S. C., 295; 102 S. E., 331; 103 S. C., 467; 110 S. C., 357; 113 S. C., 84; 96 S. C., 435; 109 S. E., 886; 10 R. C. L., 958, 959; 94 S. C., 439. *Charge on facts:* 90 S. C., 25; 76 S. C., 49; 84 S. C., 568; 86 S. C., 395; 87 S. C., 190; 47 S. C., 488; 51 S. C., 453; 90 S. C., 459; 49 S. C., 488; 50 S. C., 161. *Plaintiff abandoned contract and cannot recover on a quantum meruit:* 4 McC., 246; 82 S. E., 412. *Landlord entitled to possession of crops until division made:* 70 S. C., 391; 1 Hill., 399; 111 S. C., 1; 102 S. C., 499; 114 S. C., 353; 54 S. C., 90; 30 S. E.,

616; 96 S. E., 622; 15 S. C., 82; 98 S. C., 45. *New trial should have been granted:* 104 S. C., 197; 20 R. C. L., 267.

*Messrs. Sherwood & McMillan,* for respondent, cite: *Question not raised below will not be considered on appeal:* 86 S. C., 218. *Result would have been the same:* 106 S. C., 84. *Error must have been prejudicial:* 108 S. C., 397; 82 S. C., 87; 81 S. C., 480; 103 S. C., 343.

April 10, 1923.

The opinion of the Court was delivered by MR. JUSTICE MARION.

Plaintiff's action, commenced September 18, 1917, was predicated upon allegations in his complaint to the following effect: (1) That during the current year, 1917, he had worked a farm for the defendant under a laborer's share-cropper agreement to plant and harvest a crop; (2) that he had planted certain crops and harvested a part thereof, out of the proceeds of which he had paid all of his indebtedness to the defendant, and that he had been willing and ready to harvest the remainder, consisting of 4 acres of corn and one-half acre of potatoes; (3) that on September 10, without his knowledge, the defendant had entered and gathered the 4 acres of corn before it was fully matured, and had stored it in his barns; (4) that "his (plaintiff's) one-half" of the corn gathered by the defendant amounted to 50 bushels, of the value of $125, "all of which is justly due and owing this plaintiff by the defendant by reason of his said labor." Thereupon a judgment was prayed for $125. The defendant answered, denying generally "every material allegation" of the complaint. Upon these pleadings the case was tried. From judgment on verdict for the full amount claimed, $125, the defendant appeals.

The action was commenced in the month of September, about eight days after the defendant, the landowner or master, had gathered the corn. If the complaint which alleged no demand on the part of the plaintiff for a division

of the crop so harvested, and no refusal of the defendant to account for plaintiff's share, stated any cause of action at all, the requisite allegation of a breach of legal duty must be referred to the very broad statement of the conclusion that the sum of $125 "was due and owing" the plaintiff for labor. The issue raised by defendant's general denial, therefore, was whether, when the action was brought, the defendant owed the plaintiff for labor a sum then due, measured by the value of one-half of the corn, amounting to $125.

The evidence disclosed no material difference between the parties as to the terms and conditions of the verbal contract of hiring, except with respect to the period of service. The plaintiff testified:

"I agreed with him to farm two acres of tobacco and four acres of corn and one acre of potatoes, and, while I was not working in that crop, I was to help him in his crop for 60 cents a day for eight months."

The defendant's testimony was to the effect that the contract of hiring was for the entire year, the plaintiff to furnish all labor for his own crop, to work for the defendant at the stipulated wage of 60 cents per day when not engaged in his own crop, and when needed by defendant throughout the year, and to receive as additional wages or compensation one-half of the crops raised by him. The evidence adduced on behalf of the defendant tended to establish that he had complied with all conditions of his agreement; that the plaintiff had breached the contract of hiring, in that, about the 1st of August, after he had gathered his tobacco and had received his one-half, from which he "cleared" about $150, he had "quit," refusing to work for defendant when badly needed for gathering his cotton crop, going off the place to work for others, and leaving his corn to be destroyed by the hogs and cows in the field; that the plaintiff had not furnished all the labor for making and harvesting his own crop as agreed; that defendant had sent word to the plaintiff to

gather the corn, and, upon his failure to do so, defendant
had been forced to gather it for his own protection; and
that, as a result of the plaintiff's quitting, defendant had
lost a part of his own crop, etc.

      The foregoing reference to certain of the evidentiary
1-3    facts is deemed sufficient to disclose defendant's theory
      of the case, and the grounds in fact upon which he
denied legal liability to the plaintiff, on September 18th of
the crop year, for the value of one-half of the corn claimed
as compensation for labor under the share-cropper contract.
His legal position, based upon the contentions of fact in-
dicated, and embodied in certain requests to charge, was
that the relation between plaintiff and defendant under the
share-cropper contract was that of master and servant
(*Huff v. Watkins,* 15 S. C., 82; 40 Am. Rep., 680. *Id.,* 18
S. C., 511. *Kennedy v. Reames,* 15 S. C., 551. *Carpenter
v. Strickland,* 20 S. C., 1. *Richey & Miller v. DuPre,* 20
S. C., 6); that the defendant was the owner and entitled to
possession of the share-crop until a division was made
(*Loveless v. Gilliam,* 70 S. C., 391; 50 S. E., 9. *Newton
v. Bennett,* 111 S. C., 1; 96 S. E., 620); that the contract
of hiring was for the entire year, and that a breach thereof
by plaintiff barred a recovery upon a *quantum meruit* (*Byrd
v. Boyd,* 4 McCord, 246; 17 Am. Dec., 740. *Shuman v.
Heldman,* 63 S. C., 489; 41 S. E., 510. *Daly v. Jefferson
Hotel Co.,* 98 S. C., 226; 82 S. E., 412); and that, because
of the plaintiff's breach of the contract in quitting the de-
fendant's service, and in failing and refusing to furnish his
labor when needed on defendant's own farm, the plaintiff
was not entitled to recover. The defendant's legal position
was essentially sound, and, as there was evidence to support
his contentions of fact, he was clearly entitled to have his
theory of the case submitted to the jury under appropriate
instructions by the trial Court.

This brings us to the point upon which the appeal turns. Appellant contends (exceptions 3, 4, 5, and 6) that, not only did the Circuit Judge fail to charge the law applicable to the defendant's theory of the facts, but that he expressly excluded that theory in erroneously instructing the jury as follows (the portions of the charge excepted to, with the context, being here set forth consecutively) :

"Now, *here is the important part:* 'That on or about the 10th of September defendant, without the knowledge, consent, or agreement of the plaintiff, entered upon the said four acres of corn, and before it was matured gathered the said corn crop, and, as plaintiff is informed and believes, hauled the same in his barn, and is now holding the same; that plaintiff is informed and believes that the said one-half of said corn crop amounted to 50 bushels of the value of $125 ; all of which is justly due him.' *'If the greater weight of the evidence makes out that thing, then the plaintiff, Hardwick, is entitled to recover* the sum of money which you gentlemen will fix, according to how you consider that the evidence established the value of the corn that had been taken from him. *Now, the defendant comes in and claims a number of legal points which I will read to you as he presented them to the Court, and will then call your attention to the vital issue already indicated.* These are the requests to charge of the defendant: [The requests of defendant were here read by the Court to the jury.]

"Now, those are the legal points which counsel for the defendant has written out and has requested me to charge to you. *The plain and simple question is this: Did this plaintiff here, who is suing for $125, the value of the corn— did he agree to work at that crop and to harvest that crop?* Did he agree to do that, and did he fail to carry out this agreement, going off and working somewhere else and abandoning this corn? If he did that, of course, you would not expect to give him a verdict; you couldn't give it to him

under the rules of common sense.  *But, if, as he claims here, this man deliberately went to work before the crop was ready to be harvested, and pulled down the corn crop and took it himself, not giving the plaintiff the opportunity to come in and gather the crop at the proper time, as he claims, while engaging in other work elsewhere, then he would be entitled to get his money for that corn, and you would find a verdict for the plaintiff for whatever money you find that corn was worth.  Of course, the owner of the land would not have a right after a man has worked all the year on the crop, and was waiting for that crop to be ready to be hauled out and stored away, for the owner to come in and pull down the corn and take it all from him.*  That wouldn't do. Whereas, on the other hand, it would not do to have the man abandon a crop because he found he could make more money in some other sort of work or working for somebody else than to stay there and gather the crop.  That is plain common sense, *and that is about all that is involved in this case.*  If you should find that this man walked off and left this stuff, finding he could get more money, having realized money out of the other crop on the land, if he did that he is not entitled to any consideration in the way of getting a verdict, *but if he in good faith went on and worked on this crop, and when the crop was almost ready to gather found employment elsewhere, which was better paid for, in that interval while the corn was maturing for gathering he did that work, that does not take away his right to come back there and gather that corn and get his share;* and it does not give the right to the owner of the land to go in and gather that corn and not allow the plaintiff any share in that crop.  If that be the fact, the plaintiff would be entitled to one-half interest in that corn."   (Italics added.)

That the foregoing instructions ignored the defendant's theory of the facts and of the law, and expressly authorized a recovery by plaintiff if the jury should find that he had carried out his agreement "to work at that (his own) crop

and harvest that crop," regardless of whether he had broken his contract by quitting and refusing to work in the defendant's crop when needed, or if the defendant gathered the corn and took it into his possession before it was ready without giving the plaintiff an opportunity to gather it, regardless of whether there had been any division or demand for division, and regardless of whether the plaintiff had quit the defendant's service, would seem too obvious to require discussion. Whether the mere reading of defendant's requests, preceded and followed by the comment above set forth, may be regarded as an approval or giving of the requests or not, the clear and definite subsequent instructions to the effect that defendant's liability turned upon facts other than those which defendant's evidence tended to establish, and which he relied on as a complete defense, were in any view misleading and prejudicial. The exceptions directed to the assignment of error in the Judge's charge are sustained.

The appellant further assigns error in the failure 5, 6 of the Circuit Judge to dismiss and discharge an attachment which the plaintiff seems to have taken out on the corn. When defendant moved to dismiss the attachment, the Circuit Judge suggested that the case be tried upon the pleadings and that the question of the attachment be taken up afterwards. The motion does not appear to have been renewed, and no ruling was made by the Circuit Judge. The question is therefore not properly before us. As the case must go back for a new trial; it may not be improper to say, however, that, if, as appellant contends, the corn was attached by the Sheriff on September 19th, under a warrant which was not actually executed and issued by the Clerk of the Court until October 31st, thereafter, the attachment made on September 19th was palpably void.

The judgment of the Circuit Court is reversed, and a new trial granted.

Reversed.