13745

PORTER-CONSTRUCTORS v. DIXON MOTOR SERVICE CO.

(172 S. E., 419)

398

*Messrs. Williams & Busbee,* for appellant, 

*Messrs. Hendersons & Salley,* for respondents, 

January 3, 1934.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The respondents, in November, 1926, entered into a contract with the State Highway Department for the construc-

tion of a section of a highway in Aiken County, extending from Clearwater to Savannah River, a distance of approximately four miles. They also entered into a contract with appellant for hauling and placing the excavated earth, constructing embankments, and shaping and maintaining roadbed. It was stipulated in the contract between plaintiff and defendant that the work should be done as by the requirements of the State Highway engineers. It was mutually agreed that plans, proposal sheets, and standard specifications and contract by the State Highway Commission should become part of the contract between respondents and appellant. The job was to be completed in 250 working days.

It was further mutually agreed that it would be necessary to remove 1,000 yards each working day; that the contractors (the respondents) would not require a bond of appellant, but in lieu thereof the appellant agreed that, if it did not furnish sufficient equipment to handle the material to the capacity of the shovel, the contractors might put on additional equipment and charge the expense to appellant, to be paid out of any money then due or to become due them, and that appellant would not move any men or equipment off the job if the contractors needed them in the work.

It appears that appellant never from the start moved the 1,000 yards required of him by his contract. The contractors did not, during the short days and bad weather of the winter, especially urge appellant to comply with this condition, but as the spring passed and the summer came on and the appellant continued to fall below the required number of yards, the record shows that respondents continually urged that the appellant catch up with the standard, and at last themselves put on extra trucks and hands. From the June estimate of the amount then due appellant for work done, respondents deducted the sum of $650.00 as pay for the extra trucks they had put on, and mailed to appellant a check for $933.39, the balance due on this estimate. It appears that when appel-

lant ascertained that $650.00 had been withheld by respondents, it threw up the job and moved its equipment across the river to Augusta, Ga. Respondents, thereupon, stopped the payment of the check for $933.39, and instituted this suit, and issued an attachment against the equipment of appellant, but found only one truck on this side of the river.

It may be pertinent to say that respondent is a partnership composed of John M. and E. E. Porter, and the appellant is a corporation under the laws of North Carolina. Both parties have their principal places of business at Charlotte, N. C.

Appellant answered the complaint, and procured the attachment of respondent's outfit, which was released upon respondents giving a replevin bond in the sum of $10,000.00. The complaint claimed damages in the sum of $11,300.00 for the alleged breach of the contract by appellant. The answer admitted the execution of the contract, and denied all allegations not specifically admitted; for further defense and by way of counterclaim, it alleged that the work was progressing within the schedule; that delays were due to the inefficient manner in which the trucks were loaded by plaintiffs' agents and employees; that on July 15, 1927, plaintiffs made up the estimate as of June 20th, of the amount due appellant and from it withheld money in excess of $1,000.00, and stopped the payment of a check which had been mailed to defendant; that without cause they attached one of defendant's trucks and caused some of defendant's creditors to bear down on them for amount due; that plaintiffs breached the contract; and that by reason of such breach defendant was damaged in the sum of $10,860.00, for which sum defendant asks judgment against the plaintiffs.

The case came on for trial before Hon. C. J. Ramage, special Judge, and a jury, at the November, 1928, term for Aiken County and resulted in the jury finding simply for defendant. That is to say, neither party was awarded any

damages. A motion for new trial was duly made by the defendant on the minutes of the Court on the ground that the verdict was against the evidence and not supported by it. The motion was overruled. This appeal followed.

There are 21 exceptions. In considering them, we shall group them as they are pertinent to special issues.

Exceptions 1, 3 and 4 relate to the exclusion of certain testimony which appellant's counsel sought to evoke from plaintiffs on cross-examination, relating to the financial standing of the plaintiffs.

These exceptions do not cite the Court to any folio or page of the record where the rulings complained of were made, but leave it to the Court to plow through some three hundred pages of testimony to find them. However, they are without merit. Defendant did not in its counterclaim ask punitive damages against plaintiffs, but asked for a fixed and definite sum, $6,745.09, of which, less a credit of $700.-00, was for service performed under the contract, and which plaintiffs held and refused to pay to defendant, and $4,-815.00 as damages "directly and primarily caused by plaintiff's breach of their contract." It appears that when counsel for defendant asked E. E. Porter: "What is your real estate holdings?" and plaintiffs' counsel objected and the objection was sustained by the Court, defendant's counsel said: "If they don't want to give it, I will leave it with them." No exception was taken to the ruling. It is late now to make exception.

Defendant's counsel asked of J. M. Porter: "Are you bankrupt?" Objection thereto was sustained. The witness said: "Can I answer that question?" The Court: "If you want to." The witness: "I have been." Thus defendant got the benefit of his question, despite the ruling of the Court. Moreover, defendant was amply protected in his business relations with plaintiffs by the conditions of the bond for approximately $40,000.00, which plaintiffs had

given the Highway Department, and by the replevin bond for $10,000.00 given by plaintiffs to defendant.

After defendant had left the job, plaintiff contracted with one McFadden to do the work which defendant had left undone. The counsel for defendant asked of E. E. Porter: "Did you put a claim like that in against Mr. McFadden?" (referring to underproduction). Objection to the question was sustained, but not before the witness had answered: "No, sir." Therefore defendant suffered no harm from the ruling. We may say, too, that the ruling was proper.

Exceptions 5, 6, 7, 8, 9, 10, and 11 set forth alleged errors in the charge of the presiding Judge. The counsel for defendant presented no written requests to charge, but presented to the Court *Guerini Stone Co. v. Carlin Const. Co.,* 248 U. S., 334, 39 S. Ct., 102, 106, 63 L. Ed., 275, and certain sections of 6 R. C. L. The presiding Judge read the syllabus of the case of *Guerini Stone Company v. Carlin Const. Co.* from the United States Reporter, and certain sections of R. C. L., and said to counsel for defendant: "I believe that is what you asked me to read?" To which counsel replied: "I believe so." Embodied in these quotations from those books are the things which are alleged in Exceptions 5 to 11, both inclusive, to be errors. Defendant cannot charge as errors those things which were charged at its request.

Exception 12 charges error for that his Honor charged the jury: "That under the contract the defendant agreed to furnish plenty of trucks to keep the shovel running to capacity at all times, and that it would be necessary to remove 1,000 cubic yards of dirt per each working day, and that if it was found that they were not keeping up with the schedule," etc., without charging the jury as to the other parts of the contract modifying this, etc. No request was made that the Judge charge as it is now said he should have charged. It is the established rule of this

Court that, if counsel desire additional charge, request therefor must be presented. Moreover, the Judge had read the whole contract to the jury, and outlined the main points thereof.

Exception 13 complains of error as a charge upon the facts; that his Honor said: "But the foregoing is an outline of the main points in the agreement which define the rights and duties of the parties thereunder."

It was the duty of the Court to construe the written contract. He did nothing more than this, and gave no indication of his opinion of the facts.

Exceptions 14, 15 and 16 are overruled for the reasons given in overruling Exceptions 12 and 13. In addition, these exceptions are argumentative and are based on the facts of the case which had been submitted to and decided by the jury.

Exceptions 17 and 18 charge error to the Court for that it was charged "that if Dixon Motor Company wilfully abandoned the work which he agreed to do, leaving it unfinished, without justification or excuse, he cannot recover therefor." The argument alleges that the language complained of amounted to the infliction of punitive damages for the violation of a contract. The question of punitive damages was not made by the pleadings. The plaintiff never asked for punitive damages against the defendant. A perusal of the charge will show that the Court fully and correctly charged the jury as to what damages the plaintiffs might recover if defendant broke the contract without justification or excuse, to wit, such reasonable damages as they sustained as a proximate result of the breach or abandonment of the contract; and he further charged that plaintiffs could offset such damages with whatever sum they had in hand to the credit of defendant.

The Court also charged the jury that the defendant was governed by the same rules as they applied to its counter-

claim, if it was made to appear that plaintiffs had breached their contract without justification or excuse. Construed, as it must be, in the light of the entire charge, the language complained of in the exception is harmless, and cannot rightly be held to inflict punitive damages on defendant.

If defendant willfully and without just cause or excuse abandons the work before it is completed according to the contract, even though service has been rendered he cannot recover. Such is the express holding of this Court in the case of *Daly v. Hotel Company,* 98 S. C., 222, 82 S. E., 412. Quoting syllabus:

"An employee cannot recover upon *quantum meruit* for services rendered under a contract where, without justification or excuse, he abandons the contract before the end of the term."

We take from 6 R. C. L., § 346, the following:

"It has been pointed out that a rule which would enable a person voluntarily to abandon his special contract and lose nothing thereby, would have a tendency to encourage bad faith and lessen the sacredness of solemn obligations, which it is the duty of Courts to uphold and enforce so far as the same can be done without manifest injustice."

It is true that this rule is challenged in some jurisdictions, but it is manifestly the fair and just rule.

We quote with approval, from the brief of respondent, the following citations from Donnelly on Public Contracts:

"When a contractor abandons a public construction or building contract, or even a contract for personal service, without excuse or justification, the general rule is that where the contract is entire, and contracts of this character are usually regarded as entire, there can be no recovery. Even if there has been a substantial performance by the contractor, where the abandonment is wilful, or there has been a wilful

and intentional deviation from the terms of the contract, the contractor is without remedy.

"Where the contractor voluntarily and wilfully fails to complete a work or structure to be done under a special contract for an entire sum, he is without any remedy. This rule applies even in the case of wilful default in the performance of a stipulation or covenant not going to the essence of the contract. Any recovery permitted is restricted to an honest and *bona fide* intention to follow the contract. Contractors have no right to break contracts and claim the contract price. Where the failure to perform is intentional, it is such bad faith as admits of no recovery.

"Where the contract is to erect a building for an entire sum to be paid in installments as the work progresses where the contractor wilfully refuses to complete, this entitles the public body to a repayment of all installments received by the contractor."

The error charged in the nineteenth exception relates to the charge of respondents' fourteenth request, especially the following part: "And if through any breach of contract by Dixon Motor Company the plaintiffs were caused to remain on the job for a longer time than the contract time, then plaintiffs would be entitled to recover or offset any additional amount lost thereby." The specific allegation of error is that this is a charge upon the facts.

The sentence objected to is taken from the request 14 as charged, in which the Court in the sentence just preceding that to which exception is made, had said: "If the jury find that the Dixon Motor Company broke its contract with plaintiffs, then plaintiffs would be entitled to recover or offset against any amount they may owe defendant any profits they would have made under the contract with the Highway Commission had the Dixon Motor Company not breached its contract." When the Court then said, "And if through any breach" etc., the jury were bound to understand that

it was for them to say whether there had been any breach of the contract by Dixon Motor Company. They had been fully advised throughout the charge that they were the sole judges of the facts of the case; that it was for them to say whether Dixon Motor Company had breached the contract; they could not have been misled.

It is charged by the twentieth exception that the Court erred in not charging the following proposition: "If the general contractor assents to the continuance without objection to any delay he will be deemed to have waived the provision if the parties so interpreted it."

It appears from the record that as his Honor was about to conclude his charge, counsel for appellant said:

"One thing—Mr. Salley uses the words 'without cause or excuse' in speaking of the hauling of the one thousand yards a day etc.—if the general contractor assents to the continuance without objection to any delay he will be deemed to have waived the provision if the parties so interpreted it. That is from *Corpus Juris* Vol. 9."

To this the Judge made no response. In fact, it does not appear that there was any request that it be charged. If such request had been preferred, the Court was not bound to grant it. Rule 11 of the Circuit Court, as amended December 18, 1896, provides that:

"Before the argument of the case commences counsel on either side shall read and submit to the Court in writing such propositions of law as they propose to rely on: Provided, however, that nothing herein contained shall prevent either counsel at the close of the arugment from submitting such additional requests as may be suggested by the course of the argument, or from withdrawing any or all of the requests submitted at the beginning of the argument."

"A trial Judge may refuse to consider a request not submitted as required by Rule 40 [11], and failure to respond to such request raises the presumption it was refused for

non-compliance with the rule." *Morrison v. Benevolent Ass'n,* 78 S. C., 398, 59 S. E., 27.

Moreover, the Court had charged the jury the law of ▮ waiver, which charge almost expressly covered the point made by the proposition of appellant's counsel. The Court said:

"Again, rights arising from delay in completion may be waived. When work is to be done by a certain time, the employer by allowing it to go on afterwards, thereby treating the contract as still in force, waives the materiality of time, and can claim only such damages as he has sustained by reason of the delay."

The twenty-first exception charges that it was error ▮ to refuse defendant's motion for new trial made on the minutes of the Court and based on the ground that the verdict was contrary to the evidence and without support in the evidence.

It does not need the citation of authorities to show that such a motion is addressed to the sound discretion of the Court, and will not be disturbed by this Court unless it is shown that there has been an abuse of discretion. The exception and the argument in support of it do not attempt to show such abuse. A perusal of the testimony, which is set out in the transcript by question and answer, discloses that there were sharp issues of fact in every material question involved in the case, and evidence for and against every such question. The issues were properly submitted to the jury, and in our judgment their verdict is in conformity with the justice of the case.

All exceptions are overruled and the judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE BLEASE and MR. JUSTICE STABLER concur.

MR. JUSTICE CARTER concurs in result.

MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN disqualified.